**STATE ex STAHL, Etc v WEBSTER et**

Ohio Appeals, 6th Dist, Williams Co

No 214. Decided Oct 24, 1933

C. L. Newcomer, Bryan, and Charles T. Stahl, Bryan, for plaintiff.

T. T. Shaw, Defiance, and D. A. Webster, Bryan, for defendants.

**OPINION**

**By THE COURT**

This court holds that the Court of Common Pleas of Williams County, Ohio, had

inherent power to appoint David A. Webster, attorney at law in this county, counsel to represent the state in certain proceedings before the Grand Jury and in the prosecution of certain indictments as specified in the order of the court as shown by the journal, under authority of **State ex Thomas v Henderson, 123 Oh St, 475.** This would exclude a right to fees for any investigation or services rendered on any indictment not within the terms of the order of appointment.

Ordinarily it would be necessary to give notice to the prosecuting attorney before finding that that officer was disqualified, but in the instant case it appears that the then prosecuting attorney, Charles T. Stahl, appeared before the Common Pleas judge of this county, before the appointment of David A. Webster was made, and advised the court that he, the prosecuting attorney, did not care to carry on such investigation nor prosecute any indictment resulting therefrom and that he was willing that appointment of counsel be made for that purpose. Under the circumstances, no further notice of hearing to the. prosecuting attorney was necessary.

We are therefore of the opinion, the appointment being legal, that Webster was entitled to reasonable pay for such services as he rendered in connection with such investigation and the indictments returned as a result thereof up to the time that the successor to Charles T. Stahl in the office of prosecuting attorney assumed the duties of his office. As to compensation for any services rendered the state in the matter of such indictments after the successor to Charles T. Stahl took office, that would of course depend upon subsequent proper appointment to assist the prosecuting attorney or otherwise, as may have been taken, and the question of fees relating to such work is not before this court for determination.

We also find that David A. Webster would not be entitled to fees for services rendered in the quo warranto case because services rendered in that connection by him were in his own behalf in defense of his right to exercise the appointment made.

We are of the further opinion that David A. Webster is entitled to such reasonable fees as he may have earned in defending the Common Pleas Court in suits brought to prevent action in cases pending on indictment returned as a result of the investigation before the Grand Jury made by David A. Webster under his appointment as prosecuting attorney for that purpose.

The defendant David A. Webster shall present his claim for compensation to the Court of Common Pleas of this county and the court shall allow the claim in accordance with this opinion in such sum as the court finds to be reasonable. Thereupon the claim shall be presented to the county commissioners and that Board shall allow such sum as it finds to be reasonable compensation for the services rendered, but not exceeding the sum approved by the Court of Common Pleas.

Injunction against the collection of such fees as we have in this opinion held to be illegal and improper is allowed; otherwise the petition of the plaintiff as to an injunction is dismissed.

Decree accordingly.

RICHARDS, WILLIAMS and LLOYD, JJ, concur.